FILED
2017 Apr-13  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SERVISFIRST BANK,<br>an Alabama banking corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>HARDING ENTERPRISES, LLC,<br>a limited liability company;<br>GREGGORY A. HARDING,<br>an individual; and THE HANOVER<br>INSURANCE COMPANY, INC., a<br>corporation,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff, ServisFirst Bank ("ServisFirst"), is an Alabama banking corporation headquartered in Birmingham, Alabama.

2. Harding Enterprises, LLC ("Enterprises") is a Mississippi limited liability company.

3. Greggory A. Harding ("Harding") is the majority member of Enterprises and is a resident citizen of Missouri.

4. The Hanover Insurance Company, Inc. ("Hanover") is a corporation which provides insurance and bonding services to various entities throughout the United States, including, upon information and belief, within this Northern District of Alabama.

5. Jurisdiction of this action is provided pursuant to 28 U.S.C. § 1332 with respect to the diversity of citizenship and the amount involved exceeding $75,000; § 1352 with respect to Bonds provided by Hanover to Harding for completion of projects involving the United States Army

Corps of Engineers; and, pursuant to 28 U.S.C. § 2201 and 2202 with respect to declaratory judgment relief sought herein. Rule 57 applies with respect to the declaratory judgment matters.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

<u>**PARTIES AND FACTUAL CIRCUMSTANCES**</u>

7.      ServisFirst is a commercial banking institution with its principal place of business in Birmingham, Alabama. It provided the loans described hereinbelow to Enterprises. Each Promissory Note was obtained in Birmingham, Alabama and each payment due by Harding was due at the offices of ServisFirst in Birmingham, Alabama.

8.      Enterprises is the maker of a $1,000,000 Promissory Note dated May 30, 2013 (Note 18706). That Promissory Note was secured by an Aircraft Mortgage and Security Agreement dated November 30, 2015, as well as collateral described in that certain Commercial Security Agreement dated May 30, 2013.

9.      ServisFirst made that certain Promissory Note dated May 30, 2013 to Enterprises in the original principal amount of $1,291,398 (Note 18707) and is secured by, among other things, the collateral described in that certain Commercial Security Agreement dated May 30, 2013.

10.     ServisFirst made that certain Promissory Note dated July 12, 2013 to Enterprises in the original principal amount of $642,704 (the "19080 Loan"), which was secured by, among other things, the collateral described in that certain Commercial Security Agreement dated July 12, 2013.

11.     ServisFirst made that certain Promissory Note dated August 26, 2013 to Enterprises in the original principal amount of $337,864.76 (the 19446 Note) which is secured by collateral described in that certain Commercial Security Agreement dated August 26, 2013.

12.     On or about October 24, 2013, ServisFirst made that certain Promissory Note to Enterprises and Harding in the original principal amount of $2,000,418 (the 19917 Loan) which was secured by, among other things, collateral described in certain Commercial Security Agreement dated October 24, 2013 as well as an American General Life Insurance Policy and the Aircraft Mortgage described hereinabove.

13.     On or about October 24, 2013, ServisFirst made Enterprises and Harding that certain Promissory Note in the original principal amount of $461,936 (the 19918 Note) which loan was secured by, among other things, the collateral set forth in that certain Commercial Security Agreement dated October 24, 2013.

14.     ServisFirst made Enterprises that certain Promissory Note dated March 7, 2014 in the original principal amount of $1,400,000 (the 20938 Note), which was secured by, among other things, collateral described in that certain First Amendment to Commercial Security Agreement dated March 7, 2014 as well as the Aircraft Mortgage described hereinabove, together with Assignment of certain monies due Enterprises.

15.     ServisFirst Bank issued that certain irrevocable Letter of Credit No. 24028, dated January 8, 2015 on behalf of Enterprises in favor of Dennis Y. Young, as beneficiary.  The Letter of Credit was in the sum of $700,000, and is secured by collateral described hereinabove.

16.     Harding personally executed Guaranty Agreements with respect to each of the afore-described Promissory Notes to which he was not already an original maker.  In so doing, Harding was personally liable for each of the above-described Promissory Notes as well as the Letter of Credit.

3

17.    Because each of the afore-described Promissory Notes and Guaranty Agreements, as well as their respective loan documents were in default, upon demand by ServisFirst Bank Enterprises and Harding each executed a Forbearance Agreement and Amendment to Loan Documents dated March 12, 2016.  A true and correct copy of the Forbearance Agreement is affixed hereto as **EXHIBIT A** and incorporated herein by reference.   In executing the Forbearance Agreement, ServisFirst Bank agreed to forbear from the collection efforts of the several Promissory Notes then in default until September 1, 2016.  Said forbearance term now has expired and is in default. That certain Aircraft Mortgage described hereinabove has been released by ServisFirst upon payment of an agreed upon sum.  All other first priority security agreements remain fully effective and reconfirmed pursuant to the Forbearance Agreement.  In so doing, and after recordation of appropriate financing statements and the like in each appropriate location, ServisFirst retains a perfected first priority security interest in all accounts, contract rights, general intangibles, equipment, inventory, and other rights and assets of Enterprises.

18.    One or more of the afore-described Promissory Notes were obtained by Harding to perform contracts and service agreements on behalf of the United States Army Corps of Engineers ("Corps").  The Corps awarded such contracts to Enterprises based upon Harding providing to the Corps payment and performance bonds obtained by Harding from Hanover.  Hanover provided payment and performance bonds to the Corps with respect to Enterprises projects located in Arkansas, Louisiana, Mississippi, and Nebraska.

19.    Upon information and belief, Hanover contends that Harding defaulted on one or more of the contracts with the Corps, to include at least those contracts relating to Louisiana (Water Proof, Louisiana) and Mississippi (Tara Seepage, Mississippi).  In so doing, Hanover contends that

the Corps has called upon Hanover to perform services pursuant to the terms of its payment and performance bonds and that, in fact, Hanover has incurred costs and expenses performing or completing such projects.  Hanover contends that it is due equitable subordination at least to the extent of funds it has expended with respect to such bonded projects.  Hanover also purportedly loaned Harding and/or Enterprises over $1,000,000 unrelated to bond completion work.

20.     Instead of limiting its activities to the two bonded jobs for which Harding purportedly breached its obligation to the Corps, Hanover, upon information and belief, has made demand upon the Corps to cease making any and all payments, for any and all contracts of Harding with the Corps, irrespective of whether such jobs previously were in default or irrespective of the amount of monies owed by the Corps to Harding on such contracts.  In so doing, Hanover has interrupted or appears to make claim to funds beyond any equitable subordination rights Hanover may have, and claims superior rights to those of ServisFirst as to the perfected security interest in accounts and contract rights of ServisFirst for those jobs to which Hanover is not due equitable subordination.

21.     ServisFirst has requested Hanover to supply to it an accounting with respect to the jobs at issue, with respect to the amount of monies presently expended or contemplated to be spent which would or could be the subject of equitable subordination.  Instead, even after at least two written demands and several oral requests, Hanover has totally refused even to acknowledge such correspondence or oral (phone) requests.  The Corps has ceased making any payments to Harding on any of the afore-described projects, irrespective of the amount owed to Harding and irrespective of the job or contract on which such funds may be due.

5

## COUNT ONE

22.    Plaintiff adopts and incorporates herein each and every allegation set forth hereinabove as if fully set forth herein.

23.    ServisFirst demands judgment against Harding for the amounts due pursuant to 18706 Note, 18707 Note, 19080 Note, 19446 Note, 19917 Note, 19918 Note, 20938 Note, the Letter of Credit and, more inclusively, the Forbearance Agreement and Amendment to Loan Documents. Each of such instruments as well as the Forbearance Agreement provides for the recovery of a reasonable attorney's fee upon default, as well as interest.

WHEREFORE PREMISES CONSIDERED, ServisFirst demands judgment against Harding Enterprises, LLC for the amount due under such Loans as well as Security Agreements, interest and attorney's fees.

## COUNT TWO

24.    Plaintiff adopts and incorporates herein each and every allegation set forth hereinabove as if fully set forth herein.

25.    ServisFirst avers that the Guaranty obligations of Harding, as well as his principal obligations as co-maker of one or more of the afore-described Promissory Notes, are in default. Each Guaranty, as well as the Promissory Notes for which Harding is a co-maker, provide for the recovery of a reasonable attorney's fee. ServisFirst further avers that Harding is in default under the terms of the Forbearance Agreement and Amendment to Loan Documents as affixed hereto as Exhibit A and incorporated herein by reference.

6

WHEREFORE PREMISES CONSIDERED, ServisFirst demands judgment against Harding for the amount due under each of his Guaranties as well as co-borrower obligations, attorney's fees, interest and cost of this action.

COUNT THREE

26.     Plaintiff adopts and incorporates herein each and every allegation set forth hereinabove as if fully set forth herein.

27.     ServisFirst has a perfected first priority security interest in, among other things, equipment of Enterprises. Although Enterprises has surrendered some of such equipment, demand for possession of additional pieces of equipment has been provided but delivery delayed. ServisFirst seeks entry of a judgment against Enterprises for the surrender of such equipment collateral or its alternative value.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks entry of a judgment requiring Enterprises to gather and deliver to ServisFirst all of such equipment as may be determined to be the subject of its security agreement, authorize the auction sale of such equipment with net proceeds of such auction to be applied to the debt of Enterprises. ServisFirst seeks such other, differente and further relief to which it may be entitled, including costs of this action.

COUNT FOUR

28.     Plaintiff adopts and incorporates herein each and every allegation set forth hereinabove as if fully set forth herein.

29.     ServisFirst avers that a justiciable controversy exist between it and Hanover with respect to amounts appropriately due Hanover pursuant to equitable subordination, as well as the priority of recovery of accounts and contract rights otherwise payable by the Corps to Harding.

ServisFirst further avers that the loan(s) by Hanover to Harding was not made for any specific job completion and is not due equitable subordination at all.

30.     ServisFirst seeks entry of an Order declaring the respective priority rights to monies otherwise payable by the United States Army Corps of Engineers to Harding and which funds have been stopped but in which ServisFirst claims a first perfected security interest.

WHEREFORE PREMISES CONSIDERED, ServisFirst seeks entry of an Order declaring the respective rights in and to proceeds of the contracts, accounts and contract rights otherwise payable by the United States Corps of Engineers to Harding, as well as an Order that both determines the amount otherwise payable to Hanover for equitable subordination, but which also directs the United States Army Corps of Engineers to pay monies not subject to equitable subordination directly to ServisFirst Bank to be applied against the afore-described loan obligations, all pursuant to its Collateral and Security Agreements.  Plaintiff seeks such other, different and further relief as to which it may be entitled.

## COUNT FIVE

31.     Plaintiff adopts and incorporates herein each and every allegation set forth hereinabove as if fully set forth herein.

32.     Plaintiff avers that the actions of Hanover, in "directing" the United States Army Corps of Engineers to cease making any payments to Harding on any job in which Harding is performing contract services for the United States Army Corps of Engineers constitutes a wrongful interruption with the business relationships between Harding and ServisFirst Bank.  Such actions constitute an intentional tortious interference with such business relationship and, to the extent any of such funds have been paid on jobs in which Hanover is not due equitable subordination, a

conversion of such account proceeds.  Such actions were known to be wrongful when done, or were undertaken with reckless disregard to the rights of ServisFirst Bank in and to such additional and unrelated funds.

WHEREFORE PREMISES CONSIDERED, ServisFirst Bank demands judgment against Hanover for the amount of such funds which have been withheld by the United States Army Corps of Engineers, for interest on such funds during the time such funds have been withheld, and for punitive damages for such intentional contumacious conduct.  Plaintiff seeks such other, different and further relief as to which it may be entitled.

/s/ Lee R. Benton
Lee R. Benton (ASB-8421-E63L)

**OF COUNSEL:**
BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205) 278-8000
(205) 278-3492 (Direct Fax)
email: lbenton@bcattys.com

SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED AT:

**HARDING ENTERPRISES, LLC**
**2312 Orr Road**
**Poplar Bluff, Missouri 63901**

**GREGGORY A. HARDING**
**2312 Orr Road**
**Poplar Bluff, Missouri 63901**

**THE HANOVER INSURANCE COMPANY, INC.**
c/o The Corporation Company, Registered Agent
2000 Interstate Pk, Suite 204
Montgomery, Alabama 36109